```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                    Case No. 2:06-cv-671-FtM-29SPC

ONE 2004 26' ANGLER VESSEL; ONE 2005
26' ANGLER VESSEL; ONE 2004 FORD
F250; ONE 2005 FLOAT-ON DUEL AXLE
TRAILER,

          Defendants.
_____

**OPINION AND ORDER OF FORFEITURE**

This matter comes before the Court on the government's Motion for Entry of an Order of Forfeiture (Doc. #41), filed on June 29, 2007. No response has been filed and the time to do so has now expired. The government seeks final forfeiture for $11,801.99 in United States currency in lieu of the 2004 angler vessel, VIN/BHN: ANGJJ070B404.

The Complaint for Forfeiture In Rem (Doc. #1) seeks to forfeit properties used to facilitate the smuggling of aliens into the United States of America by Noel Lopez and Juan Gonzalez-Hernandez.[1] The properties include the 2004 angler vessel. On January 5, 2007, the Court entered an Order (Doc. #12) granting the

---

[1] The Preliminary Orders of Forfeiture (Docs. #102, #103) entered in the criminal case, Case Number 2:06-cr-98-FTM-29SPC, became final upon the entry of the Judgments in a Criminal Case thereby forfeiting any interest of the defendants in the 2004 angler vessel.

government's motion for the issuance of a warrant. The warrants for the properties were executed on February 8, 2007. A Clerk's Entry of Default (Doc. #40) was entered against Omar Lugo on June 29, 2007, who is the purported owner of the 2004 angler vessel. On March 2, 2007, the Bank of America, N.A. filed a Verified Statement of Right of Interest (Doc. #20) stating that it had a perfected lien on the 2004 angler vessel and the loan was in default.

On or about May 11, 2007, the government reached a settlement with the Bank of America, N.A. with regard to the 2004 angler vessel by Stipulated Settlement Agreement (Doc. #37). The terms of the settlement provide that the government would dismiss the forfeiture proceedings against the vessel upon payment of storage fees, or the Bank of America could choose to have a sale by the United States Marshal's Service and receive the proceeds from the sale, after payment of custodial expenses and fees of the United States.

In seeking forfeiture, the government states that the parties have agreed to a forfeiture of $11,801.99, the amount of the storage fees, in lieu of the 2004 angler vessel and the vessel will be returned to the Bank of America, N.A. upon the entry of forfeiture. Notice of the intent to dispose of the property was published in the News-Press with no response or claim made except by the Bank of America, N.A. as to the 2004 angler vessel.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by

the judgment, and is barred from contesting on appeal the facts thus established. . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[2]

Under 8 U.S.C. § 1324(b)(1), "[a]ny conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a) of this section, the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture." In a civil forfeiture action, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture . . . the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c).

The Affidavit of Steven C. Christopher, Senior Border Patrol Agent, Department of Homeland Security, Customs and Border Protection (Doc. #1-2) provides that on August 15, 2006, Agent Christopher observed two Collier County Sheriff Deputies (MacAllister and Marvin) with three subjects on the 951 Boat Ramp parking lot. The three subjects were initially observed operating

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the 2005 angler vessel at a high rate of speed, and then loading the 2005 angler vessel onto a trailer.  They were stopped when they were attempting to drive off in the Ford F-250 with the 2005 angler vessel.  Deputy Marvin stated that he observed a second vessel at the Addison Bay Channel during the stop with several dark objects that looked like heads.  The second vessel was gone 10 minutes later.  Thereafter, Deputy Marvin notified by dispatch that 20 Cuban immigrants had landed near Jolley Bridge, and later observed the same second vessel coming out of a shadow are one quarter mile from the bridge without the "dark round objects."  Deputy Marvin stopped the boat, identified the captain (Noel Lopez) and crew member (Juan Gonzalez-Hernandez), and towed the 2004 vessel back to the 951 Boat Ramp where Senior Border Patrol Agents were present.  After taking statements, Lopez and Gonzalez-Hernandez were eventually indicted for knowingly and willfully conspiring and aiding and abetting to bring aliens into the United States.

The 2004 angler had fuel modifications to allow for 400 to 450 gallons of fuel to be carried onboard, a common feature on smuggling vessels, even though the maximum fuel capacity of the angler is only 200 gallons.  Gonzalez-Hernandez had the bill of sale indicating Omar Lugo as the purchaser, dated 13 days prior to the seizure, in his possession.  The 2004 vessel was covered with salt spray, contained 16 wet life vests, and fishing rods but no bait.

The Court finds that the government has met its burden that it is more likely than not that the 2004 angler vessel is subject to forfeiture and a substantial connection between the vessel and the indicted offenses exists.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  The government's Motion for Entry of an Order of Forfeiture (Doc. #41) is **GRANTED.**

2.  Pursuant to the provisions of 8 U.S.C. § 1324(b), $11,801.99 in United States currency in lieu of One 2004 26" Angler Vessel, VIN/BHN: ANGJJ070B404 is hereby forfeited to the United States for disposition according to law, including turning over the subject vessel to the Bank of America, N.A.

3. Default judgment is hereby entered against Omar Lugo. The Clerk shall enter a default judgment against Omar Lugo and terminate this claimant on the docket.

4.  Pursuant to the Stipulated Settlement Agreement (Doc. #37), the Clerk is further directed to terminate the Bank of America, N.A. as a pending claimant.

**DONE AND ORDERED** at Fort Myers, Florida, this   6th   day of August, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies: Parties of record