UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    Case No. 2:06-cv-671-FtM-29SPC

ONE 2004 26' ANGLER VESSEL; ONE 2005 26' ANGLER VESSEL; ONE 2004 FORD F250; ONE 2005 FLOAT-ON DUEL AXLE TRAILER,

        Defendants.
_____

## OPINION AND ORDER

    This matter comes before the Court on the government's Motion to Dismiss Claim of Osmani Fuentes (Doc. #57), filed on December 10, 2007. No response has been filed and the time to do so has now expired. The government seeks to dismiss the February 22, 2007 Statement of Right or Interest (Doc. #18) of Osmani Fuentes pursuant to Federal Rule of Civil Procedure 37 because of the claimant's failure to provide discovery pursuant to the Magistrate Judge's November 23, 2007, Order (Doc. #54).

    If a party fails to obey an order to provide or permit discovery, the Court may issue further orders, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

>    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>    (iii) striking pleadings in whole or in part;
>
>    (iv) staying further proceedings until the order is obeyed;
>
>    (v) dismissing the action or proceeding in whole or in part;
>
>    (vi) rendering a default judgment against the disobedient party; or
>
>    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).  See also FED. R. CIV. P. 37(c), (d). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999).  Although dismissal for a violation of a discovery order is an option, less drastic remedies should be considered.  Mene v. Marriott Int'l, Inc., 238 Fed. Appx. 579, 581-82 (11th Cir. 2007). "For such a harsh sanction as dismissal, we require that the record clearly reflect a willful pattern of delay and obstruction of the orderly progress of the case." Nwabeke v. Torso Tiger, Inc., 194 Fed. Appx. 669, 670 (11th Cir. 2006).  See also Goodman v. new Horizons Cmty. Serv. Bd., 2006 WL 940646, *1 (11th Cir. 2006).

In this case, Osmani Fuentes failed to comply with one Order (Doc. #54) to provide discovery and the government did not move for lesser sanctions or for an order to show cause when Osmani Fuentes

failed to produce the discovery requested.[1]  Additionally, the government has indicated that a language barrier exists because Osmani Fuentes brought an interpreter to the meeting to prepare a Case Management Report.  Therefore the language barrier could be a factor in Osmani Fuentes' failure to produce or respond to discovery requests.  The Court declines to impose the drastic remedy of dismissing the claim.  Although Osmani Fuentes apparently later disavowed his claim through a friend, id. at ¶ 9, the Court has no evidence in the record to reflect that Osmani Fuentes no longer wishes to pursue the claim.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  The government's Motion to Dismiss Claim of Osmani Fuentes (Doc. #57) is **DENIED.**

2.  The case remains pending as to the 2005 angler vessel and 2005 trailer, and the Final Pretrial Conference remains scheduled for February 25, 2008.

**DONE AND ORDERED** at Fort Myers, Florida, this   8th   day of February, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of record

---

[1] The Court notes that the government made numerous requests for discovery, however, assistance was not sought from the Court until recently.  (See Doc. #45, ¶¶ 5, 7, 8.)